## STATE, CITY OF ST. LOUIS PARK, v. TERRY H. BUNKERS.

247 N. W. 2d 404.

October 8, 1976—No. 46398.

*David E. Zins*, for appellant.

*Steven Z. Lange*, St. Louis Park City Attorney, and *Kent B. Wennerstrom*, Assistant City Attorney, for respondent.

---

PER CURIAM.

This is an appeal from a judgment of conviction entered in Hennepin County Municipal Court for driving under the influence and driving with .10 percent or more blood alcohol by weight contrary to a St. Louis Park ordinance in conformity with Minn. St. 169.121, subd. 1(a, d). Defendant's convictions were based in part upon results of a chemical test, the admission of which defendant challenges on two distinct grounds, specifically, the failure of the police to permit him to telephone counsel before deciding to submit to this test and the failure of police to advise him of his right to additional tests from a person of his own choosing until after he had submitted to testing. We do not need to reach the second issue because our disposition of the first issue requires us to reverse the convictions.

As we held in the case of Prideaux v. State, Department of Public Safety, 310 Minn. 405, 247 N. W. 2d 385, filed herewith, when police arrest a driver for allegedly violating § 169.121, then under § 481.10 they must accede to any *timely* request by the driver for permission to telephone his lawyer before deciding whether to submit to chemical testing. As we stated in Prideaux, failure of the police to grant such a timely request will bar later revocation of the driver's license under § 169.123 for refusal to submit to testing or, conversely, will bar use of the test results in a prosecution under § 169.121 should the driver consent to testing. The latter was the case here, and under the circumstances admission of the test results was improper.

Reversed.